# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| PATRICK WELLS,<br>Petitioner,<br><br>vs.<br><br>WARDEN, LEBANON CORRECTIONAL<br>INSTITUTION,<br>Respondent. | Civil Action No. 1:09-cv-051<br><br>Dlott, J.<br>Hogan, M.J.<br><br>**REPORT AND**<br>**RECOMMENDATION** |

Petitioner, a state prisoner, brings this case *pro se* seeking a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on the petition (Doc. 1), respondent's motion to dismiss (Doc. 5), and petitioner's response in opposition to the motion to dismiss. (Doc. 6).

## I. PROCEDURAL HISTORY

### State Court Trial Proceedings

In 2004, petitioner was indicted on two counts of rape, two counts of sexual battery, six counts of illegal use of a minor in nudity-oriented material or performance, and two counts of pandering sexual oriented matter involving a minor. (Doc. 5, Exh. 1). On August 22, 2005, petitioner, with counsel, waived his right to a jury and entered a plea of guilty to two counts of rape, two counts of sexual battery, three counts of illegal use of a minor in nudity-oriented material or performance, and one count of attempted pandering of sexual oriented matter involving a minor. (Doc. 5, Exhs. 2, 3). On December 2, 2005, petitioner was sentenced to a total of 13 years imprisonment: he received nine years for the rape convictions and four years for

the sexual battery convictions (to be served consecutively), and six months for the illegal use of a minor and the attempted pandering convictions (to be served concurrently to the rape and sexual battery convictions). (Doc. 5, Exh. 4). Petitioner was also found to be a sexually oriented offender. (Doc. 5, Exh. 5).

## Direct Appeal

Petitioner, represented by the same counsel, filed a timely appeal to the Twelfth District Court of Appeals, Butler County, Ohio. (Doc. 5, Exh. 6). Thereafter, counsel moved to withdraw stating petitioner failed to meet contractual obligations and indicated he would seek other counsel. (Doc. 5, Exh. 7). The court granted the motion. (Doc. 5, Exh. 8). On May 5, 2006, the appellate court ordered petitioner to show cause why he had not filed a brief in support of his appeal. (Doc. 5, Exh. 9). Petitioner failed to respond to the show cause order, and on June 15, 2006, the Ohio Court of Appeals dismissed the appeal for failure to prosecute. (Doc. 5, Exh. 10).

Petitioner did not appeal the dismissal to the Ohio Supreme Court.

## Motion to Withdraw Guilty Plea

On October 4, 2007, petitioner filed a *pro se* motion to withdraw guilty plea in the trial court alleging claims of an unconstitutional sentence and ineffective assistance of counsel. (Doc. 5, Exh. 11). The trial court denied the motion and on October 25, 2007, petitioner filed a timely notice of appeal. (Doc. 5, Exhs. 12, 13). He raised the following assignments of error:

> 1. The trial court abused its discretion and committed prejudicial error in violation of appellant's absolute right to procedural due process of law in summarily dismissing the motion to withdraw guilty plea without first conducting an evidentiary hearing with counsel present before rendering judgment.
>
> 2. The trial court commits prejudicial error and abuse of discretion which deprived the appellant of his absolute right to procedural due process and equal

2

protection of law in not granting relief where the Apprendi-Blakely violation constituted State Constitutional structural defect error under the Ohio Constitution.

3. It was plain error for the trial court not to modify appellant's sentence to the maximum/minimum sentence of three (3) years pursuant to O.R.C. § 2929.14(B), the law at the time of the offenses consistent with the due process and equal protection clause of the U.S. Constitution, notwithstanding State v. Foster, (2006) 109 Ohio St. 3d 1.

(Doc. 5, Exh. 14). On July 8, 2008, the Ohio Court of Appeals affirmed the decision of the trial court. (Doc. 5, Exh. 16).

Petitioner filed a timely appeal to the Supreme Court of Ohio and raised the following propositions of law:

1. The trial court abused its discretion and committed prejudicial error in violation of appellant's absolute right to procedural due process of law in summarily dismissing the motion to withdraw guilty plea without first conducting an evidentiary hearing.

2. The trial court exceeded its sentencing authority where the court sentenced the appellant to any sentence other than the three (3) year minimum sentence in violation of the due process clause of the Fourteenth Amendment to the United States Constitution.

(Doc. 5, Exhs. 17, 18). The Ohio Supreme Court, on December 3, 2008, denied petitioner leave to appeal and dismissed the appeal as not involving any substantial constitutional question. (Doc. 5, Exh. 19).

## Federal Habeas Corpus

On January 15, 2009, petitioner, proceeding *pro se*, filed a petition for a writ of habeas corpus in this Court. (Doc. 1).[1] The petition sets forth two grounds for relief:

---

[1] Under the prison "mailbox rule" set forth in *Houston v. Lack,* 487 U.S. 266, 270 (1988), the Court construes the petition as being filed on January 15, 2009, when petitioner certified he placed his petition in the prison mail system. (Doc. 1 at 15).

3

**GROUND ONE:** Deprivation of Fourteenth Amendment right, liberty without due process of law.

**Supporting Facts**: State trial court exceeded its sentencing authority by sentencing petitioner for elements not charged or proven by either State or Federal Standards.

**GROUND TWO:** Respondent's custody of petitioner violative of due process clause of Fourteenth Amendment.

**Supporting Facts:** Since State trial court was only authorized to impose shortest prison term of no more than three (3) years and three year sentence expired in 2008, respondent's custody of petitioner is unlawful where the maximum sentence has expired.

(Doc. 1).

## II. THE PETITION SHOULD BE DISMISSED AS TIME-BARRED.

Respondent argues that the petition is barred from review by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d), as amended by § 101 of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214. The Court finds this argument well-taken.

Under 28 U.S.C. § 2244(d)(1), a person in custody pursuant to the judgment of a state court must file an application for writ of habeas corpus within one year from the latest of: (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which the impediment to filing an application created by state action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on

4

collateral review; or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. Under 28 U.S.C. § 2244(d)(2), the running of the limitations period is tolled during the pendency of a properly filed application for state post-conviction relief or other collateral review.

In this case, Grounds One and Two of the petition essentially assert that petitioner's sentence violates the Sixth Amendment pursuant to the Supreme Court's decisions in *Apprendi v. New Jersey*, 530 U.S. 466 (2000)[2] and *Blakely v. Washington*, 542 U.S. 296 (2004).[3] These claims arose at the time petitioner was sentenced. Since petitioner was aware of the facts underlying his claims by the close of the state trial court proceedings and before the conclusion of the direct review proceedings, his grounds for relief are governed by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1)(A), which began to run when petitioner's conviction became final "by the conclusion of direct review or the expiration of the time for seeking such review."

Under § 2244(d)(1)(A), petitioner's conviction became "final" on July 31, 2006, upon expiration of the 45-day period for filing an appeal with the Ohio Supreme Court from the Ohio Court of Appeals' June 15, 2006 dismissal of his direct appeal. (Doc. 5, Exh. 10).[4] Therefore,

---

[2] In *Apprendi*, the Supreme Court held, "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490.

[3] The Supreme Court in *Blakely* reaffirmed *Apprendi's* holding, but clarified that "[T]he "statutory maximum" for *Apprendi* purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant*. . . . In other words, the relevant "statutory maximum" is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose *without* any additional findings. " 542 U.S. at 303-304 (internal citations omitted) (emphasis in the original).

[4] Under Ohio law, petitioner had forty-five day to file an appeal to the Supreme Court of Ohio from the date of decision of the Ohio Court of Appeals. *See* Rule II, Section 2(A)(1), Rules of Practice of the Supreme Court of Ohio. Because the 45th day ended on a Sunday, July 30, 2006, the appeal deadline was extended to the first business

the statute of limitations commenced running the following day on August 1, 2006, and expired one year later on August 1, 2007, *see* Fed. R. Civ. P. 6; *Bronaugh v. Ohio,* 235 F.3d 280, 285 (6th Cir. 2000), absent the application of the statutory tolling provision set forth in 28 U.S.C. § 2244(d)(2) or any other applicable tolling principles.

Petitioner argues that the statute of limitations did not start running until after the proceedings held on his motion to withdraw his guilty plea concluded and that § 2244(d)(1)(D) governs the statute of limitations issue in this case. (Doc. 1 at 14). The undersigned disagrees.

In *Goodballet v. Mack,* 266 F. Supp.2d 702, 705 (N.D. Ohio 2003), the Court rejected a similar argument. The court noted that the Ohio Supreme Court has determined that unlike other post-conviction remedies, a post-sentence motion to withdraw a guilty plea under Ohio R. Crim. P. 32.1 "is not collateral but is filed in the underlying criminal case." *State v. Bush*, 96 Ohio St.3d 235, 238, 773 N.E.2d 522, 526 (2002). Thus, Ohio procedural rules which prescribe the filing deadlines for post-conviction relief petitions do not govern post-sentence motions to withdraw guilty pleas. *Goodballet,* 266 F. Supp.2d at 706. Nevertheless, the *Goodballet* Court rejected the argument that a conviction does not become "final" for purposes of the AEDPA statute of limitations until after the resolution of the motion to withdraw a guilty plea because the motion is part of the direct appeal process in Ohio. The *Goodballet* Court reasoned as follows:

> Goodballet correctly notes that . . . Ohio procedural rules prescribing a filing deadline for postconviction relief petitions do not govern postsentence motions to withdraw guilty pleas.... However, the state procedural ruling does not reset the federal AEDPA filing deadline nor does it alter the final conviction date for federal habeas petition purposes. For purposes of the AEDPA, the judgment becomes final upon "the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2254(d)(1)(A). If the conviction did not

day or Monday, July 31, 2006. *See* S.Ct. Prac. R. XIV, Section 3(A).

6

become final until the highest state court denied a motion to withdraw a guilty plea, the one-year statute of limitations would be meaningless. A petitioner could indefinitely extend the time for seeking habeas relief merely by delaying his motion to file a motion to withdraw his guilty plea. The same would be true if the filing of such a motion reset the limitations period.

Although the Sixth Circuit has not directly addressed whether a motion to withdraw a guilty plea resets the AEDPA limitations period and/or alters the final conviction date, its decisions in two other cases suggests that it does not. First, the Sixth Circuit held that the filing of a delayed appeal tolls the running of the AEDPA one-year limitation but it does not reset the limitations period. *Searcy* [*v. Carter*, 246 F.3d 515, 519 (6th Cir.), *cert. denied,* 534 U.S. 905 (2001)]. A delayed appeal is part of the "direct review" of a case. *Id.* Moreover, like a motion to withdraw a guilty plea, a petitioner may file a delayed appeal anytime with the Ohio Supreme Court. *See* Oh. Sup. Ct. R. II, Sec. 2(4)(a). Because the party may file the delayed appeal anytime, effectively delaying the final judgment date, the court decided that filing such an appeal may toll the running of the one-year limitation, but does not restart the limitation period. *Searcy,* 246 F.3d at 519. Specifically, the court reasoned that allowing the filing of a delayed appeal to restart the limitation period:

> would effectively eviscerate the AEDPA's statute of limitations. Leave to file a late notice of appeal can be sought at any time, even many years after conviction. If the one-year period of limitations did not begin to run until such an application for leave to appeal was denied, the one-year statute of limitations would be meaningless; merely by delaying his application for leave to file a late notice of appeal, a petitioner could indefinitely extend the time for seeking habeas relief. The statute of limitations provision of the AEDPA would thus be effectively eliminated, a clearly unacceptable result.

*Id.*[5] (quoting *Raynor v. Dufrain,* 28 F.Supp.2d 896, 898 (S.D.N.Y. 1998)).

---

[5]The United States Supreme Court recently held that "where a state court *grants* a criminal defendant the right to file an out-of-time direct appeal during state collateral review, but before the defendant has first sought federal habeas relief, his judgment is not yet 'final' for purposes of § 2244(d)(1)(A)." *Jimenez v. Quarterman,* 129 S.Ct. 681, 686 (2009) (emphasis added). In such a case, the defendant's conviction is "again capable of modification through direct appeal to the state court and to [the Supreme] Court on certiorari review." *Id.* at 686. The Supreme Court described its decision in *Jiminez* as "a narrow one." *Id.* In the instant case, in contrast, the state court did not grant petitioner's motion to withdraw his guilty plea. Therefore, *Jimenez* does not apply to this case to restart the statute of limitations.

7

Likewise, the Sixth Circuit held that an Ohio R. App. P. 26(B) application, though part of the direct appeal process, will not delay the starting of the AEDPA statute of limitations:

> It is important to note that [petitioner] will not be able to benefit from his delay in bringing a Rule 26(B) application to reopen direct appeal by requesting that § 2244(d)(1)(A)'s one-year statute of limitations not begin until after his Rule 26(B) application has run its course through the courts. Instead, the statute of limitations is tolled only for that period of time in which the Rule 26(B) application is actually pending in the Ohio courts.

*Bronaugh v. Ohio*, 235 F.3d 280, 285 (6th Cir. 2000).

Based on the above reasoning, the Court concludes that the filing of a motion to withdraw a guilty plea only tolls the limitations period and does not reset it. It also does not affect the final conviction date for purposes of federal habeas petitions. . . .

*Goodballet*, 266 F. Supp.2d at 705-07.[6]

The undersigned is persuaded by the district court's well-reasoned decision in *Goodballet*. *See also Coffey v. Warden*, No. 1:06-cv-717, 2007 WL 951619 (S.D. Ohio Mar. 28, 2007) (Dlott, J.; Black, M.J.). *Cf. Stephens v. Jackson*, No. C-1-05-243, 2006 WL 840376, at *4-6 (S.D. Ohio Mar. 30, 2006) (Weber, J.; Hogan, M.J.). Other courts similarly have considered motions to withdraw guilty pleas only to the extent they affected the determination as to whether or not the statute of limitations, which had previously commenced running under § 2244(d)(1)(A), was statutorily tolled under 28 U.S.C. § 2244(d)(2). *See, e.g., Gross v. Kansas*, 194 Fed. Appx. 560, 562 (10th Cir. 2006); *DeFluiter v. Brunsman*, No. 2:06-cv-274, 2006 WL 3751246, at *3 (S.D. Ohio Dec. 18, 2006) (Holshuh, J.; Abel, M.J.); *Leon v. Bradshaw*, No.

---

[6] It is noted that after *Goodballet* was decided, the Sixth Circuit in an en banc decision overruled prior Sixth Circuit precedents to the extent that Rule 26(B) applications for reopening are no longer considered part of direct review, but rather in accordance with Ohio law, represent a collateral post-conviction remedy that is not part of the original appeal. *See Lopez v. Wilson*, 426 F.3d 339, 351-52 (6th Cir. 2005) (en banc) (and state cases cited therein), *cert. denied*, 126 S.Ct. 1880 (2006); *see also Morgan v. Eads*, 818 N.E.2d 1157, 1160-61 (Ohio 2004) (and state cases cited therein).

8

1:05-cv-875, 2006 WL 1624430, at *3-4 (N.D. Ohio June 26, 2006) (Boyko, J.). For these reasons, the undersigned determines that the federal statute of limitations commenced running when petitioner's conviction became "final" within the meaning of § 2244(d)(1)(A) in July 2006, and that the clock was not reset at zero over one year later when petitioner filed his motion to withdraw his plea in October 2007.

Section 2244(d)(2) states that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." *Id. See Austin v. Mitchell*, 200 F.3d 391, 393 (6th Cir. 1999), *cert. denied*, 530 U.S. 1210 (2000); *see also Bennett v. Artuz*, 531 U.S. 4, 8-9 (2000).

Petitioner's motion to withdraw his guilty plea, which was filed on October 4, 2007, does not serve to toll the statute of limitations in this case. A timely filed state post-conviction matter cannot serve to toll a statute of limitations which had already expired before the motion was filed. *See Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003). Section 2244(d)(2)'s tolling provision "does not . . . 'revive' the limitations period (*i.e.,* restart the clock at zero); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations." *Vroman*, 346 F.3d at 602 (citation omitted). Since the AEDPA's one-year period had expired over one year before petitioner filed his motion to withdraw his guilty plea, there was no time left to toll, and the AEDPA's tolling provision does apply.

The statute of limitations in this matter expired on August 1, 2007. Petitioner's habeas corpus petition was filed in this Court on January 15, 2009 and, accordingly, it was submitted

9

some seventeen months too late.

Although the statute of limitations may be equitably tolled in limited circumstances, *Allens v. Yukins*, 366 F.3d 396 (6th Cir.), *cert. denied*, 543 U.S. 865 (2004), petitioner is not entitled to equitable tolling in this matter. Before equitable tolling is appropriate, petitioner must demonstrate: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (citation and quotation marks omitted). Equitable tolling decisions are made on a case-by-case basis. *Souter v. Jones*, 395 F.3d 577, 588 (6th Cir. 2005).

In *Souter*, the Sixth Circuit held that "equitable tolling of the one-year limitations period based on a credible showing of actual innocence is appropriate." 395 F.3d at 599 (following *Schlup v. Delo*, 513 U.S. 298 (1998)). The *Souter* Court held that "where an otherwise time-barred habeas petitioner can demonstrate that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying constitutional claims." *Souter*, 395 F.3d at 602.

If petitioner fails to establish actual innocence under the standard enunciated in *Souter*, the Court examines the five factors outlined in *Dunlap v. United States*, 250 F.3d 1001 (6th Cir. 2001), *cert. denied*, 122 S.Ct. 649 (2001), to determine whether equitable tolling of the limitations period is appropriate. *See, e.g., Craig v. White*, 227 Fed. Appx. 480 (6th Cir. 2007); *Harvey v. Jones*, 179 Fed. Appx. 294 (6th Cir. 2006). In determining whether the statute of limitations should be equitably tolled, the court must consider the following factors:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) the petitioner's diligence in pursuing his rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Dunlap*, 250 F.3d at 1008 (citing *Andrews v. Orr*, 851 F.2d 146, 151 (6th Cir. 1988)). The absence of prejudice to respondent is not an independent basis for invoking the doctrine of equitable tolling. *Dunlap*, 250 F.3d at 1009; *Andrews*, 851 F.2d at 151(citing *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 152 (1984)). The absence of prejudice may only be considered when other factors of the test are met. *Id.*

First, petitioner does not meet his burden of establishing actual innocence under *Souter*. To make the necessary showing, petitioner must support his allegations of constitutional error "with new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial." *Schlup*, 513 U.S. at 324. Because petitioner has provided no new exculpatory evidence, *Souter* does not apply to toll the statute of limitations. *See Ross v. Berghuis*, 417 F.3d 552, 555 (6th Cir. 2005).

Second, equitable tolling is not appropriate under the *Dunlap* factors. Petitioner has made no attempt to apply the five *Dunlap* factors to this case. Moreover, there is no evidence in the record that even remotely suggests petitioner lacked notice or constructive knowledge of the filing requirement for federal habeas petitions or that he has been diligent in pursuing his rights. Therefore, equitable tolling under *Dunlap* is inappropriate in this case.[7]

---

[7]Petitioner appears to argue his petition is not barred by the statute of limitations because the state trial court lacked jurisdiction to enhance his sentence under *State v. Colon,* 118 Ohio St.3d 26, 885 N.E.2d 917 (2008) (*Colon I*). (Doc. 6 at 3). *Colon I* held that an indictment that fails to charge the *mens rea* element of a crime violates the constitutional right to notice and due process. However, *Colon I* applies prospectively only to cases pending on

11

Accordingly, the undersigned concludes that under the applicable one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1)(A), the petition is time-barred and should be dismissed.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Respondent's motion to dismiss (Doc. 5) be **GRANTED** and the petition be **DISMISSED** with prejudice on the ground that it is barred from review under the one-year statute of limitations set forth in 28 U.S.C. § 2244(d).

2. A certificate of appealability should not issue with respect to the petition, which this Court has concluded is barred by the statute of limitations, because under the applicable two-part standard enunciated in *Slack v. McDaniel,* 529 U.S. 473, 484-85 (2000), "jurists of reason" would not find it debatable whether the Court is correct in its procedural ruling.[8]

3. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith" and, therefore, **DENY** petitioner leave to proceed on appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

Date: 1/8/10

Timothy S. Hogan
United States Magistrate Judge

---

April 9, 2008 when *Colon I* was decided and not to convictions which had already become final before that date, such as petitioner's. *See State v. Colon,* 119 Ohio St.3d 204, 893 N.E.2d 169 (2008) ( *Colon II* ). Therefore, petitioner's argument is without merit.

[8] Because the first prong of the *Slack* test has not been met, the Court need not address the second prong of *Slack* as to whether "jurists of reason" would find it debatable whether petitioner has stated a viable constitutional claim. *See Slack*, 529 U.S. at 484.

12

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

PATRICK WELLS,
    Petitioner,

vs.

WARDEN, LEBANON CORRECTIONAL
INSTITUTION,
    Respondent.

Civil Action No. 1:09-cv-051

Dlott, J.
Hogan, M.J.

## NOTICE

Attached hereto is a Report and Recommendation issued by the Honorable Timothy S. Hogan, United States Magistrate Judge, in the above-entitled habeas corpus action brought under 28 U.S.C. § 2254. Any party may object to the Magistrate Judge's Report and Recommendation **within FOURTEEN DAYS** of the filing date of this R&R. Such party shall file with the Clerk of Court and serve on all other parties written objections to the Report and Recommendation, specifically identifying the portion(s) of the proposed findings, recommendations, or report objected to, together with a memorandum of law setting forth the basis for such objection(s) Any response by an opposing party to the written objections shall be filed **within FOURTEEN DAYS** after the opposing party has been served with the objections. A party's failure to make objections in accordance with the procedure outlined above may result in a forfeiture of his rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

13

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X _____ ☑ Agent ☐ Addressee<br>B. Received by (Printed Name)   C. Date of Delivery |
| 1. Article Addressed to:<br>Patrick Wells #508-234<br>Lebanon Corr. Inst.<br>PO Box 56<br>Lebanon, OH 45036 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No<br><br>3. Service Type<br>☑ Certified Mail ☐ Express Mail<br>☐ Registered ☐ Return Receipt for Merchandise<br>☐ Insured Mail ☐ C.O.D.<br>4. Restricted Delivery? (Extra Fee) ☐ Yes |
| 2. Article Number (Transfer from service label) | 7002 3150 0000 8388 3707 |

PS Form 3811, August 2001   Domestic Return Receipt   102595-02-M-1540

1:04 cv 51 (Doc. 7)